UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 99-4691

ARTHUR PAUL MOORE, JR., a/k/a
Clay Workman,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CR-98-93-1)

Submitted: May 19, 2000

Decided: July 18, 2000

Before MOTZ and KING, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Alvin G. Matthews, Fayetteville, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Douglas Cannon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Arthur Paul Moore, Jr. appeals his conviction and sentence for conspiracy to distribute and possess with intent to distribute cocaine base. We affirm.

Moore was stopped by a police officer who observed him driving without a seatbelt. Moore claims this stop was unlawful because it was impossible under the circumstances of the encounter for the officer to determine whether Moore was wearing a seatbelt; consequently, he asserts, the evidence discovered as a result of the stop should have been suppressed. The officer's testimony was not inherently incredible, however. Accordingly, the court's decision to credit this testimony was not clearly erroneous. See Ornelas v. United States, 517 U.S. 690, 699 (1996) (stating that factual findings at suppression hearings are reviewed for clear error).

Moore next asserts the evidence was insufficient to prove his involvement in a conspiracy, because the key prosecution witness, Della Clark, was not believable. Questions of credibility are for the jury, however. See United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996). Furthermore, Clark's testimony established that Moore, working with two associates, regularly supplied drugs to Clark for resale to her customers. Thus, viewed in the light most favorable to the Government, the record contains "substantial evidence" to support Moore's conviction. Glasser v. United States, 315 U.S. 60, 80 (1942).

Finally, Moore contends the district court improperly calculated the quantity of drugs distributed by his organization and therefore applied an incorrect base offense level. We review the district court's calculation of drug quantities for clear error. See United States v. Lipford, 203 F.3d 259, 271 (4th Cir. 2000). We have reviewed the testimony and we find no clear error in the district court's determination that

2

Moore distributed more than 1.5 kilograms of cocaine base, thus qualifying for a base offense level of thirty-eight. <u>See</u> U.S.S.G. § 2D1.1(c)(1).

For these reasons, we affirm Moore's sentence and conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>